IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18 CR 286 |
| | ) | Hon. Matthew F. Kennelly |
| David Salgado | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SALGADO'S MOTION FOR A MISTRIAL BASED ON PROSECUTORIAL MISCONDUCT**

NOW COMES the Defendant, David Salgado ("SALGADO"), by and through his attorney, Michael J. Petro, and moves this Honorable Court to declare a mistrial based on prosecutorial misconduct. During the trial of SALGADO, the government sponsored knowingly perjured testimony from witness Antwan Davis. In support of this Motion, SALGADO states as follows:

1. Antwan Davis testified before the Federal Grand Jury on February 21, 2018 at 2:50pm. Mr. Davis was placed under oath (GJ p.3 line 8-15). Assistant U.S. Attorney Sean Franzblau did the direct examination of Mr. Davis (GJ p. 2 line 4). Mr. Davis and AUSA Franzblau prepared a Grand Jury Statement (GJ p.4 lines 19-21) Mr. Davis reviewed this statement and acknowledged it was accurate (GJ p.5 lines 16-23). Mr. Davis also acknowledged his signature on this Grand Jury statement (GJ p.5 line 24-p.6 line1).

2. AUSA Franblau read the prepared statement to the Grand Jury:

> "On another occasion, **X** gave me a packet with a bunch of different colored pills inside that he told me were ecstasy. I have used ecstasy before, and I recognized

>the pills to be ecstasy. Specifically, I remember some of the pills had white pyramids drawn on them and others had purple horseshoes. There were about 25 ecstasy pills inside the container and I later sold them on the street for $10 and $20 each. After selling the pills, a couple of people who bought them called me to ask if I had anymore.

Mr. Davis confirmed that this statement was true and correct (GJ p.17 lines 23-24).

3. At SALGADO's trial on October 15, 2019, the government presented Mr. Davis as a government witness.

4. AUSA Srivastava performed the direct examination of Mr. Davis (Tr. Davis 10/15/19 p.1 line 5). During a side bar following an objection, AUSA Srivastava made an offer of proof regarding the anticipated testimony of Mr. Davis. AUSA Srivastava stated, "May I make an offer of proof. That Officer Salgado gave him a package of Newport cigarettes with a couple of cigarettes in it and some ecstasy pills which I believe he will say looked similar to these pills so obviously we can tie that together because these are the pills recovered, ecstasy pills recovered during the search…" (Tr. Davis 10/15/19 p. 45 lines 3-8).

5. After the sidebar, AUSA Srivastava had Antwan Davis put knowingly perjured testimony in front of the jury. AUSA Srivastava asked Mr. Davis the following questions:

>Q: "Sir, did X's partner ever give you drugs?"
>
>A: "Yes."
>
>Q: "Okay. When was that?"
>
>A: "When he gave me some Newport's, well, its wasn't Newport's, it was some Ecstasy pills, it was some Ecstasy pills in a Newport box."
>
>(Tr. Davis 10/15/19 p.47 lines 1-6).

6. AUSA Srivastava asked Mr. Davis again about the Newport box over Ecstasy pills.

>Q: "What did X's partner, Officer Salgado, give you?"
>
>A: "He gave me—it was in a Newport box, with Newport's was Ecstasy pills."

(Davis Tr. 10/15/19 p. 48 lines 24-25-p. 49 line 1).

7.      Again AUSA Srivastava continues asking Mr. Davis about the Ecstasy pills:

    Q: "It was a box of Newport's with Ecstasy pills. About how many Ecstasy pills were in the box?"

    A: "About 25, 26 pills, 24, 25, 26 pills."

    Q: "What did they look like?"

    A: "They were shaped like some of them were purple horseshoes, some of them was pyramids, like little pyramids, stuff like that."

    (Tr. Davis 10/15/19 p. 49 lines 12-18).

8.      AUSA Srivastava continued questioning Mr. Davis about the Ecstasy pills. AUSA Srivastava never corrected the perjured testimony by Mr. Davis which contradicted his Grand Jury Statement that X (Elizondo) gave him the Newport box with the Ecstasy pills inside.

9.      On cross examination, SALGADO confronted Antwan Davis with his perjured testimony by confronting him with his Grand Jury Statement. See Paragraph 2 above. (Tr. Davis 10/16/2019 p. 48 line 21- p. 49 line 3).

9.      On redirect, AUSA Srivastava reiterates the perjured Antwan Davis testimony by asking him:

    Q: "Just to be clear, who gave you those ecstasy pills?"

    A: "Salgado." (Tr. Davis 10/16/2019 p. 53, lines 24-25).

10.     The government violates due process of SALGADO for the government to obtain a conviction by the knowing use of perjured testimony. *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). The inquiry is two-fold: first, whether there was prosecutorial misconduct; second, whether it prejudiced the defendant. *United States v. Serfling*, 504 F.3d 672, 677 (7th Cir.2007).

11.     According to the Criminal Justice Standards for the Prosecution Function AMERICAN BAR ASSOCIATION Fourth Edition of the CRIMINAL JUSTICE STANDARDS for the PROSECUTION FUNCTION:

> Standard 3-1.2 Functions and Duties of the Prosecutor
>
> (b) The primary duty of the prosecutor is to seek justice within the bounds of the law, not merely to convict.
>
> Standard 3-1.4 The Prosecutor's Heightened Duty of Candor
>
> (a) In light of the prosecutor's public responsibilities, broad authority and discretion, the prosecutor has a heightened duty of candor to the courts and in fulfilling other professional obligations.
>
> (b) The prosecutor should not make a statement of fact or law, or offer evidence, that the prosecutor does not reasonably believe to be true, to a court, lawyer, witness, or third party, except for lawfully authorized investigative purposes. In addition, while seeking to accommodate legitimate confidentiality, safety or security concerns, a prosecutor should correct a prosecutor's representation of material fact or law that the prosecutor reasonably believes is, or later learns was, false, and should disclose a material fact or facts when necessary to avoid assisting a fraudulent or criminal act or to avoid misleading a judge or factfinder.
>
>     WHEREFORE, for the above reasons, for the above reasons, SALGADO asks this

Honorable Court for a mistrial.  Further, SALGADO requests to voir dire the AUSA the creator of the grand jury prepared statement.

Respectfully submitted,

 s/ Michael J. Petro

Attorney for David Salgado
53 West Jackson Boulevard, Suite 630
Chicago, Illinois 60604
312-913-1111

## CERTIFICATE OF SERVICE

I, Michael J. Petro, an attorney, state that I caused to be filed by electronic filing (ECF) with the Clerk of the United States District Court for the Northern District of Illinois, the foregoing:

## DEFENDANT SALGADO'S MOTION FOR A MISTRIAL BASED ON PROSECUTORIAL MISCONDUCT

The undersigned also certifies, as to the following parties, that in accordance with F.R.Civ.P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing pleading, along with a notice of motion if required, were served pursuant to the district court's ECF system on October 17, 2019.

Respectfully submitted,

 s/ Michael J. Petro

Attorney for David Salgado
53 West Jackson Boulevard, Suite 630
Chicago, Illinois  60604
312-913-1111