# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>DAVID SALGADO | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:18-CR-00286(2)<br>USM Number: 53177-424<br><br>Michael John Petro<br>Defendant's Attorney |

**Date of Original Judgment: 7/20/2020**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)         which was accepted by the court.
☒ was found guilty on count(s) one (1s), two (2s), three (3s), five (5s), and seven (7s) of the Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 371  Conspiracy to Steal Property in the Care, Custody, and Control of the Chicago Police Department | 01/31/2018* | 1s |
| 18 U.S.C. § 241 Conspiracy to Violate Fourth Amended Rights of Certain Chicago Residents | 01/31/2018* | 2s |
| 18 U.S.C. § 641 Public Money, Property Or Records | 01/31/2018* | 3s |
| 18 U.S.C. § 1001(a)(2) Making a Materially False Statement to a Federal Agent | 01/31/2018* | 5s |
| 18 U.S.C. § 1519 Destroying Records With the Intent to Impede an Investigation of Any Matter Within the Jurisdiction of the FBI. | 01/31/2018* | **7s** |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s)
☐ Count(s) «dismissd_counts» dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 21, 2020
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Matthew F. Kennelly , United States District Judge
Name and Title of Judge

8-21-2020
Date

Case: 1:18-cr-00286 Document #: 219 Filed: 08/21/20 Page 2 of 12 PageID #:1296

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment Judgment – Page 2 of 6

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Sixty (60) months as to count one (1s) of the superseding indictment; seventy-one (71) months as to count two (2s) of the superseding indictment; seventy-one (71) months as to count three (3s) of the superseding indictment; sixty (60) months as to count five (5s) of the superseding indictment; and seventy-one (71) months as to count seven (7s) of the superseding indictment. Terms of imprisonment are to run concurrently.

- ☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be designated to FCP Oxford, so that he may have ongoing contact with his family in Chicago, which is important for the defendant's future positive adjustment. The Court recommends that the defendant be designated to an institution where he can participate in the residential drug and alcohol abuse program at an appropriate point during his incarceration. Any costs of imprisonment are waived.

- ☐ The defendant is remanded to the custody of the United States Marshal.

- ☐ The defendant shall surrender to the United States Marshal for this district:

    - ☐ at   on

    - ☐ as notified by the United States Marshal.

- ☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    - ☒ before 2:00 pm on 12/2/2020.

    - ☐ as notified by the United States Marshal.

    - ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 1:18-cr-00286 Document #: 219 Filed: 08/21/20 Page 3 of 12 PageID #:1297

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 3 – Supervised Release                                                                                               Judgment – Page 3 of 6

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
One (1) year as to counts count(s) one (1s), two (2s), three (3s), five (5s), and seven (7s) of the superseding indictment. The terms are to run concurrently.

The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample.

4. The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment.

2. The defendant shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s)) Police Officer.

3. The defendant shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity.

4. The defendant shall refrain from excessive use of alcoholic beverages (defined as having a blood alcohol concentration of .08 or higher) and shall refrain from any use of a controlled substance, as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802, without a prescription from a licensed medical practitioner.

5. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

6. The defendant you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

7. The defendant shall not knowingly leave the federal judicial district in which the defendant is being supervised without the permission of the court or probation officer.

8. The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location specified by the probation officer. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

Case: 1:18-cr-00286 Document #: 219 Filed: 08/21/20 Page 4 of 12 PageID #:1298

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 3 – Supervised Release Judgment – Page 4 of 6

DEFENDANT:  DAVID SALGADO
CASE NUMBER:  1:18-CR-00286(2)

9.  The defendant shall notify the probation officer within 72 hours after becoming aware of any change or planned change in the defendant's employer, workplace, or residence.

10.  The defendant shall notify the probation officer within 72 hours after being arrested, charged with a crime, or questioned by a law enforcement officer.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1.  The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 200 hours.

2.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

3.  The defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

4.  The defendant shall within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.

5.  The defendant shall file accurate income tax returns and pay all taxes, interest and penalties as required by law.

6.  The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

7.  The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

Case: 1:18-cr-00286 Document #: 219 Filed: 08/21/20 Page 5 of 12 PageID #:1299

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties
Judgment – Page 5 of 6

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|--------|----------------|-----------------|----------|----------------------|------------------------|
| **TOTALS** | $500.00 | $4,200.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

Restitution of $4,200.00 jointly and severally with co-defendant Xavier Elizondo (18 cr 286-1) to:
Federal Bureau of Investigation
Attn: Financial Management
2111 W. Roosevelt Rd.
Chicago IL, 60608

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the restitution.

  ☐ the interest requirement for the        is modified as follows:

---

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case: 1:18-cr-00286 Document #: 219 Filed: 08/21/20 Page 6 of 12 PageID #:1300

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 6 – Schedule of Payments Judgment – Page 6 of 6

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 4,700.00 due immediately.

☐ balance due not later than , or

☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal (e.g. weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal (e.g. weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: Any financial obligations imposed by the judgment in this case are due immediately. Any such obligations that remain unpaid when defendant's term of supervised release commences in an amount that is at least 10% of the total of the defendant's gross earnings minus federal and state income tax withholdings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|
| David Salgado (18 cr 286-2) | | $4,200.00 | Federal Bureau of Investigation |
| Xavier Elizondo (18 cr 286-1) | | $4,200.00 | Federal Bureau of Investigation |

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| DAVID SALGADO | ) | Case Number: 1:18-CR-00286(2) |
| | ) | USM Number: 53177-424 |
| | ) | |
| | ) | Michael John Petro |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)       which was accepted by the court.

☒ was found guilty on count(s) one (1s), two (2s), three (3s), five (5s), and seven (7s) of the Superseding Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 371 Conspiracy to Steal Property in the Care, Custody, and Control of the Chicago Police Department | 01/31/2019 | 1s |
| 18 U.S.C. § 241 Conspiracy to Violate Fourth Amended Rights of Certain Chicago Residents | 01/31/2019 | 2s |
| 18 U.S.C. § 641 Public Money, Property Or Records | 01/31/2019 | 3s |
| 18 U.S.C. § 1001(a)(2) Making a Materially False Statement to a Federal Agent | 01/31/2019 | 5s |
| 18 U.S.C. § 1519 Destroying Records With the Intent to Impede an Investigation of Any Matter Within the Jurisdiction of the FBI. | 01/31/2019 | 7s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)       dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

July 15, 2020
Date of Imposition of Judgment

_(signature)_
Signature of Judge

Matthew F. Kennelly, United States District Judge
Name and Title of Judge

7-20-2020
Date

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Sixty (60) months as to count one (1s) of the superseding indictment; seventy-one (71) months as to count two (2s) of the superseding indictment; seventy-one (71) months as to count three (3s) of the superseding indictment; sixty (60) months as to count five (5s) of the superseding indictment; and seventy-one (71) months as to count seven (7s) of the superseding indictment. Terms of imprisonment are to run concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be designated to FCP Oxford, so that he may have ongoing contact with his family in Chicago, which is important for the defendant's future positive adjustment. The Court recommends that the defendant be designated to an institution where he can participate in the residential drug and alcohol abuse program at an appropriate point during his incarceration. Any costs of imprisonment are waived.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at     on

    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2:00 pm on 12/2/2020

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

                                                           _____
                                                           UNITED STATES MARSHAL

                                           By _____
                                                        DEPUTY UNITED STATES MARSHAL

Case: 1:18-cr-00286 Document #: 219 Filed: 08/21/20 Page 9 of 12 PageID #:1303
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments                                                                                                    Judgment – Page 3 of 6

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
One (1) year as to counts count(s) one (1s), two (2s), three (3s), five (5s), and seven (7s) of the superseding indictment. The terms are to run concurrently.

The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample.

4. The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if you are not gainfully employed, you shall pursue conscientiously a course of study or vocational training that will equip you for employment.

2. The defendant shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s)) Police Officer.

3. The defendant shall not knowingly meet or communicate with any person whom you know to be engaged, or planning to be engaged, in criminal activity.

4. The defendant shall refrain from excessive use of alcoholic beverages (defined as having a blood alcohol concentration of .08 or higher) and shall refrain from any use of a controlled substance, as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802, without a prescription from a licensed medical practitioner.

5. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

6. The defendant you shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

7. The defendant shall not knowingly leave the federal judicial district in which the defendant is being supervised without the permission of the court or probation officer.

8. The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location specified by the probation officer. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

9. The defendant shall notify the probation officer within 72 hours after becoming aware of any change or planned change in the defendant's employer, workplace, or residence.

10. The defendant shall notify the probation officer within 72 hours after being arrested, charged with a crime, or questioned by a law enforcement officer.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 200 hours.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

3. The defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

4. The defendant shall within 72 hours of any significant change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments, you must notify the probation officer of the change.

5. The defendant shall file accurate income tax returns and pay all taxes, interest and penalties as required by law.

6. The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

7. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

Case: 1:18-cr-00286 Document #: 219 Filed: 08/21/20 Page 11 of 12 PageID #:1305
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment – Page 5 of 6

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $500.00 | $4,200.00 | $.00 | $.00 | $.00 |

- ☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

- ☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

    Restitution of $4,200.00 jointly and severally with co-defendant Xavier Elizondo (18 cr 286-1) to:

    Federal Bureau of Investigation
    Attn: Financial Management
    2111 W. Roosevelt Rd.
    Chicago IL, 60608

- ☐ Restitution amount ordered pursuant to plea agreement $

- ☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

- ☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    - ☒ the interest requirement is waived for the restitution.

    - ☐ the interest requirement for the       is modified as follows:

- ☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DAVID SALGADO
CASE NUMBER: 1:18-CR-00286(2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $4,700.00 due immediately.

☐ balance due not later than         , or

☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal         (*e.g. weekly, monthly, quarterly*) installments of $         over a period of         (*e.g., months or years*), to commence         (*e.g., 30 or 60 days*) after the date of this judgment; or

**D** ☐ Payment in equal         (*e.g. weekly, monthly, quarterly*) installments of $         over a period of         (*e.g., months or years*), to commence         (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within         (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties: Any financial obligations imposed by the judgment in this case are due immediately. Any such obligations that remain unpaid when defendant's term of supervised release commences in an amount that is at least 10% of the total of the defendant's gross earnings minus federal and state income tax withholdings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|
| David Salgado (18 cr 286-2) | | $4,200.00 | Federal Bureau of Investigation |
| Xavier Elizondo (18 cr 286-1) | | $4,200.00 | Federal Bureau of Investigation |

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.